FILED
CLERK, U.S. DISTRICT COURT

JAN - 6 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

1
2
3
4
5
6
7
8                UNITED STATES DISTRICT COURT
9               CENTRAL DISTRICT OF CALIFORNIA
10                      EASTERN DIVISION
11

12   JOHN PERRY,                    )   CASE NO.: CV10-3976 JHN PJWx
                                    )
13              Plaintiff,          )   [PROPOSED] STIPULATED
                                    )   PROTECTIVE ORDER
14       vs.                        )
                                    )
15   HUNT & HENRIQUES,              )
                                    )
16                                  )
                Defendant.          )
17                                  )
                                    )
18   ─────────────────────────────  )
19
20
21
22
23
24
25
26
27
28

PERRY V. HUNT & HENRIQUES (CASE NO. CV10-3976 JHN PJWx)
[PROPOSED] STIPULATED PROTECTIVE ORDER

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Protective Order creates no entitlement to file confidential information under seal; L.R.79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).  Counsel shall not designate discovery materials as "Confidential" without first making a good faith determination that protection is warranted.

1    2.4    <u>"Highly Confidential - Attorneys' Eyes Only" Information or</u>

2    <u>Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to

3    another Party or non-party would created a substantial risk of serious injury that

4    could not be avoided by less restrictive means.  Counsel shall not designate

5    discovery materials as "Highly Confidential" without first making a good faith

6    determination that protection is warranted.

7    2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

8    Material from a Producing Party.

9    2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure

10   or Discovery Material in this action.

11   2.7    <u>Designating Party</u>: a Party or non-party that designates

12   information or items that it produces in disclosures or in responses to discovery as

13   "Confidential" or Highly Confidential - Attorneys' Eyes Only."

14   2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is

15   designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

16   2.9    <u>Outside Counsel</u>: attorneys who are not employees of a Party

17   but who are retained to represent or advise a Party in this action.

18   2.10   <u>House Counsel</u>: attorneys who are employees of a Party.

19   2.11   <u>Counsel</u>: (without qualifier): Outside Counsel and House

20   Counsel (as well as their support staffs).

21   2.12   <u>Expert</u>: a person with specialized knowledge or experience in a

22   matter pertinent to the litigation who has been retained by a Party or its counsel to

23   serve as an expert witness or as a consultant in this action and who is not a past or a

24   current employee of a Party or a competitor of a Party's.  This definition includes a

25   professional jury or trial consultant retained in connection with this litigation.

26   2.13   <u>Professional Vendors</u>: persons or entities that provide litigation

27   support services (e.g. photocopying; videotaping; translating; class administration;

28   preparing exhibits or demonstrations; organizing, storing, retrieving data in any

1   form or medium; etc.) and their employees and subcontractors.

2

3   **3.    SCOPE**

4   The protections conferred by this Stipulation and Order cover not only

5   Protected Material (as defined above), but also any information copied or extracted

6   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

7   testimony, conversations, or presentations by parties or counsel to or in court or in

8   other settings that might reveal Protected Material.

9

10  **4.    DURATION**

11  Even after the termination of this litigation, the confidentiality obligations

12  imposed by this Order shall remain in effect until a Designating Party agrees

13  otherwise in writing or a court order otherwise directs.

14

15  **5.    DESIGNATING PROTECTED MATERIAL**

16  5.1    Exercise of Restraint and Care in Designating Material for

17  Protection: Each Party or non-party that designates information or items for

18  protection under this Order must take care to limit any such designation to specific

19  material that qualifies under the appropriate standards.  A Designating Party must

20  take care to designate for protection only those parts of material, documents, items,

21  or oral or written communications that qualify - so that other portions of the

22  material documents, items or communications for which protection is not warranted

23  are not swept unjustifiably withing the ambit of this Order.

24  Mass, indiscriminate, or routinized designations are prohibited.

25  Designations that are shown to be clearly unjustified, or that have been made for an

26  improper purpose (e.g. to unnecessarily encumber or retard the case development

27  process, or to impose unnecessary expenses and burdens on other parties), expose

28  the Designating Party to sanctions.

1    If it comes to a Party's or a non-party's attention that information or

2 items that it designated for protection do not quality for protection at all, or do not

3 quality for the level of protection initially asserted, that Party or non-party must

4 promptly notify all other parties that it is withdrawing the mistaken designation.

5    5.2   Manner and Timing of Designations: Except as otherwise

6 provided in this Order (see, e.g. second paragraph of section 5.2(a), below), or as

7 otherwise stipulated or ordered, material that qualifies for protection under this

8 Order must be clearly so designated before the material is disclosed or produced;

9 provided, however, that the parties agree that materials that have been produced by

10 the parties in this action prior to the entry of this Order may, within 14 days of the

11 entry of this Order, be designated as subject to the protections of this Order.

12    Designation in conformity with this Order requires:

13    (a) for information in documentary form (apart from transcripts

14 of depositions or other pretrial or trial proceedings), that the Producing Party affix

15 the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

16 EYES ONLY" at the bottom of each page that contains protected material.  If only

17 a portion of portions of the material on a page qualifies for protection, the

18 Producing Party also must clearly identify the protected portion(s) (e.g., by making

19 appropriate markings in the margins) and must specify, for each portion, the level

20 of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

21 CONFIDENTIAL - ATTORNEYS' EYES ONLY").

22    A Party or non-party that makes original documents or materials

23 available for inspection need not designate them for protection until after the

24 inspecting Party has indicated which material it would like copied and produced.

25 During the inspection and before the designation, all of the material made available

26 for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS'

27 EYES ONLY." After the inspecting Party has identified the document it wants

28 copied and produced, the Producing Party must determine which documents, or

1   portions thereof, qualify for protection under this Order, then, before producing the

2   specified documents, the Producing Party must affix the appropriate legend

3   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

4   ONLY") at the bottom of each page that contains Protected Material. If only a

5   portion or portions of the material on a page qualifies for protection, the Producing

6   Party also must clearly identify the protected portion(s) (e.g., by making

7   appropriate markings in the margins) and must specify, for each portion, the level

8   of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

9   CONFIDENTIAL - ATTORNEYS' EYES ONLY").

10          (b) <u>for testimony given in deposition or in other pretrial or trial</u>

11  <u>proceedings,</u> that the Party or non-party offering or sponsoring the testimony

12  identify on the record, before the close of the deposition, hearing, or other

13  proceeding, all protected testimony, and further specify any portions of the

14  testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

15  ONLY." When it is impractical to identify separately each portion of testimony

16  that is entitled to protection, and when it appears that substantial portions of the

17  testimony may qualify for protection, the Party or non-party that sponsors, offers,

18  or gives the testimony may invoke on the record (before the deposition or

19  proceeding is concluded) a right to have up to 20 days from the date of receipt of

20  the transcript to identify the specific portions of the testimony as to which

21  protection is sought and to specify that level of protection being asserted

22  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

23  ONLY"). Only those portions of the testimony that are appropriately designated

24  for protection within the 20 days shall be covered by the provisions of this

25  Stipulated Protective Order.

26          Transcript pages containing Protected Material must be

27  separately bound by the court reporter, who must affix to the top of each such page

28  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

1   EYES ONLY," as instructed by the Party or non-party offering or sponsoring the

2   witness or presenting the testimony.

3              (c) <u>for information produced in some form other than</u>

4   <u>documentary, and for any other tangible items,</u> that the Producing Party affix in a

5   prominent place on the exterior of the container or containers in which the

6   information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

7   CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the

8   information or item warrant protection, the Producing Party, to the extent

9   practicable, shall identify the protected portions, specifying whether they qualify as

10  "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

11          5.3    <u>Inadvertent Failures to Designate</u>: If timely corrected, an

12  inadvertent failure to designate qualified information or items as "Confidential" or

13  "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the

14  Designating Party's right to secure protection under this Order for such material. If

15  material is appropriately designated as "Confidential" or "Highly Confidential -

16  Attorneys' Eyes Only" after the material was initially produced, the Receiving

17  Party, on timely notification of the designation, must make reasonable efforts to

18  assure that the material is treated in accordance with the provisions of this Order.

19

20      **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

21          6.1    <u>Timing of Challenges</u>: Unless a prompt challenge to a

22  Designating Party's confidentiality designation is necessary to avoid foreseeable

23  substantial unfairness, unnecessary economic burdens, or a later significant

24  disruption or delay of the litigation, a Party does not waive its right to challenge a

25  confidentiality designation by electing not to mount a challenge promptly after the

26  original designation is disclosed.

27          6.2    <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a

28  Designating Party's confidentiality designation must do so in good faith and must

1  begin the process by conferring directly or in writing with counsel for the

2  Designating Party.  In conferring, the challenging Party must explain the basis for

3  its belief that the confidentiality designation was not proper and must give the

4  Designating Party an opportunity to review the designated material, to reconsider

5  the circumstances, and, if no change in designation is offered, to explain the basis

6  for the chosen designation.  A challenging Party may proceed to the next stage of

7  the challenge process only if it has engaged in this meet and confer process first.

8        6.3   Judicial Intervention: A party that elects to press a challenge to

9  a confidentiality designation after considering the justification offered by the

10  Designating Party may file and serve a motion under L.R. 7-4 that identifies the

11  challenged material and sets forth in detail the basis for the challenge.  Each such

12  motion must be accompanied by a competent declaration that affirms that the

13  movant has complied with the meet and confer requirements imposed in the

14  preceding paragraph and that sets forth with specificity the justification for the

15  confidentiality designation that was given by the Designating Party in the meet and

16  confer dialogue.

17      The burden of persuasion in any such challenge proceeding shall be on the

18  Designating Party.  Until the court rules on the challenge, all parties shall continue

19  to afford the material in question the level of protection to which it is entitled under

20  the Designating Party's designation.

21  **7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

22        7.1   Basic Principles: A Receiving Party may use Protected Material

23  that is disclosed or produced by another Party or by a non-party in connection with

24  this case only for prosecuting, defending, or attempting to settle this litigation.

25  Such Protected Material may be disclosed only to the categories of persons and

26  under the conditions described in this Order.  When the litigation has be

27  terminated, a Receiving Party must comply with the provisions of section 11,

28  below (FINAL DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving
2 Party at a location and in a secure manner that ensures that access is limited to the
3 persons authorized under this Order.

4    7.2   Disclosure of "CONFIDENTIAL" Information or Items: Unless
5 otherwise ordered by the court or permitted in writing by the Designating Party, a
6 Receiving Party may disclose any information or item designated
7 CONFIDENTIAL only to:

8    (a) the Receiving Party's Outside Counsel of record in this
9 action, as well as employees of said Counsel to whom it is reasonably necessary to
10 disclose the information for this litigation and who have signed the "Agreement to
11 Be Bound by Protective Order" that is attached hereto as Exhibit A;

12    (b) the officers, directors, and employees (including House
13 Counsel) of the Receiving Party to whom disclosure is reasonably necessary for
14 this litigation and who signed the "Agreement to Be Bound by Protective Order"
15 (Exhibit A);

16    (c) experts (as defined in this Order) of the Receiving Party to
17 whom disclosure is reasonably necessary for this litigation and who have signed
18 the "Agreement to Be Bound by Protective Order" (Exhibit A);

19    (d) the Court and its personnel;

20    (e) court reporters, their staffs, and professional vendors to
21 whom disclosure is reasonably necessary for this litigation and who have signed
22 the "Agreement to Be Bound by Protective Order" (Exhibit A);

23    (f) during their depositions, witnesses in the action to whom
24 disclosure is reasonably necessary and who have signed the "Agreement to be
25 Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony
26 or exhibits to depositions that reveal Protected Material must by separately bound
27 by the court reporter and may not be disclosed to anyone except as permitted under
28 this Stipulated Protective Order.

1          (g) the author of the document or the original source of the

2   information.

3       7.3   Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS'

4   EYES ONLY" Information or Items: Unless otherwise ordered by the court or

5   permitted in writing by the Designating Party, a Receiving Party may disclose any

6   information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

7   EYES ONLY" only to:

8          (a) the Receiving Party's Outside Counsel of record in this

9   action, as well as employees of said Counsel to whom it is reasonably necessary to

10   disclose the information for this litigation and who signed the "Agreement to Be

11   Bound by Protective Order" that is attached hereto as Exhibit A;

12          (b) Experts (as defined in this Order) (1) to whom disclosure is

13   reasonably necessary for this litigation, (2) who have signed the "Agreement to Be

14   Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set

15   forth in paragraph 7.4, below, have been followed;

16          (c) the Court and its personnel;

17          (d) court reporters, their staffs, and professional vendors to

18   whom disclosure is reasonably necessary for this litigation and who have signed

19   the "Agreement to Be Bound by Protective Order" (Exhibit A); and

20          (e) the author of the document or the original source of the

21   information.

22       7.4   Procedures for Approving Disclosure of "HIGHLY

23   CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to

24   "Experts"

25          (a) Unless otherwise ordered by the court or agreed in writing

26   by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined

27   in this Order) any information or item that has been designated "HIGHLY

28   CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must make a written

1    request to the Designating Party that (1) identifies the specific HIGHLY

2    CONFIDENTIAL information that the Receiving Party seeks permission to

3    disclose to the Expert, (2) sets forth the full name of the Expert and the city and

4    state of his or her primary residence, (3) attaches a copy of the Expert's current

5    resume, (4) identifies the Expert's current employer(s), (5) identifies each person or

6    entity from whom the Expert has received compensation for work in his or her

7    areas of expertise or to whom the expert has provided professional services at any

8    time during the preceding five years, and (6) identifies (by name and number of the

9    case, filing date, and location of court) any litigation in connection with which the

10   Expert has provided any professional services during the preceding five years.

11             (b) A Party that makes a request and provides the information

12   specified in the preceding paragraph may disclose the subject Protected Material to

13   the identified Expert unless, within seven days of delivering the request, the Party

14   receives a written objection from the Designating Party. Any such objection must

15   set forth in detail the grounds on which it is based.

16             (c) A Party that receives a timely written objections must meet

17   and confer with the Designating Party (through direct voice to voice dialogue) to

18   try to resolve the matter by agreement. If no agreement is reached, the Party

19   seeking to make the disclosure to the Expert may file a motion as provided in Civil

20   Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking

21   permission from the court to do so. Any such motion must describe the

22   circumstances with specificity, set forth in detail the reasons for which the

23   disclosure to the Expert is reasonably necessary, assess the risk of harm that the

24   disclosure would entail and suggest any additional means that might be used to

25   reduce that risk. In addition, any such motion must be accompanied by a

26   competent declaration in which the movant describes the parties' efforts to resolve

27   the matter by agreement (i.e., the extent and the content of the meet and confer

28   discussions) and sets forth the reasons advanced by the Designating Party for its

1  refusal to approve the disclosure.

2          In any such proceeding the Party opposing disclosure to the
3  Expert shall bear the burden of proving that the risk of harm that the disclosure
4  would entail (under the safeguards proposed) outweighs the Receiving Party's need
5  to disclose the Protected Material to its Expert.

6

7      8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED
8  PRODUCED IN OTHER LITIGATION

9          If a Receiving Party is served with a subpoena or an order issued in other
10 litigation that would compel disclosure of any information or items designated in
11 this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
12 ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating
13 Party, in writing (by fax, if possible) immediately and in no event more than three
14 court days after receiving the subpoena or order.  Such notification must include a
15 copy of the subpoena or court order.

16         The Receiving Party also must immediately inform in writing the Party who
17 caused the subpoena or order to issue in the other litigation that some or all the
18 material covered by the subpoena or order is the subject of this Protective Order.
19 In addition, the Receiving Party must deliver a copy of this Stipulated Protective
20 Order promptly to the Party in the other action that caused the subpoena or order to
21 issue.

22         The purpose of imposing these duties is to alert the interested parties to the
23 existence of this Protective Order to afford the Designating Party in this case an
24 opportunity to try to protect its confidentiality interests in the court from which the
25 subpoena or order issued.  The Designating Party shall bear the burdens and the
26 expenses of seeking protection in that court of its confidential material - and
27 nothing in these provisions should be construed as authorizing or encouraging a
28 Receiving Party in this action to disobey a lawful directive from another court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with L.R. 79-5.1.

11.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where

appropriate) all the Protected material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Counsel for Plaintiff is a paperless office and will purge its file 60 days after termination of the action.  Notwithstanding this provision, Counsel are entitled to retain any archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.   MISCELLANEOUS

12.1   Right to Further Relief: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3

4 | DATED: December 2_, 2010          KROHN & MOSS, LTD

5

6 |                                   By: _____

7 |                                       Ryan Lee
                                          Attorneys for Plaintiff
8 |                                       John Perry

9

10 | DATED: December 2_, 2010         SIMMONDS & NARITA, LLP

11

12 |                                  By: _____

13 |                                      Tomio B. Narita
                                          Attorneys for Defendant
                                          Hunt & Henriques

14

15 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17

18 | DATED: ___1/6/11_____

19 |                                  _____
                                                                    PATRICK J. WALSH
20 |                                      Jacqueline H. Nguyen
                                          United States District Judge

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

    I, _____ (print or type full name), of _____ (print or type full address), declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California, Eastern Division on _____ [date] in the case of *Perry v. Hunt & Henriques* Case No. CV10-3976 JHN PJWx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California, Eastern Division for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

    I hereby appoint _____ [print or type full name] of _____ [print or type full address and tel. number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____