Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
JOHN PERRY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN PERRY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HUNT & HENRIQUES,<br><br>　　　　Defendant. | **Case No.:** 2:10-cv-03976-JHN-PJW<br><br>**NOTICE OF MOTION TO DISMISS WITH PREJUDICE**<br><br>Date: May 2, 2011 at 2:00 pm<br>Location: Courtroom 790 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: Notice Motion**

**NOTICE IS HEREBY GIVEN** that on **Monday, May 2, 2011** at 2:00PM before the Honorable Jacqueline H. Nguyen, 255 E. Temple Street, courtroom 790, Plaintiff will present his Motion to Dismiss. Plaintiff's Motion is based on this Notice, the Memorandum of Points and Authorities.　　　　　　　　　　RESPECTFULLY SUBMITTED,


　DATED:  March 25, 2011　　　　　　　KROHN & MOSS, LTD.


　　　　　　　　　　　　　　　　By:  /s/ Ryan Lee_____
　　　　　　　　　　　　　　　　　　　Ryan Lee
　　　　　　　　　　　　　　　　　Attorney for Plaintiff

- 1 -

MOTION TO DISMISS

Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
JOHN PERRY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN PERRY, <br><br> Plaintiff, <br><br> vs. <br><br> HUNT & HENRIQUES, <br><br> Defendant. | Case No.: 2:10-cv-03976-JHN-PJW <br><br> **MOTION TO DISMISS WITH PREJUDICE** |

**MOTION TO DISMISS WITHOUT PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff, John Perry ("Plaintiff"), hereby moves for an order dismissing Plaintiff's verified Complaint with prejudice. This Motion will be based on the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff filed his verified Complaint against Defendant on May 27, 2010.  In his verified Complaint, Plaintiff alleged that Defendant constantly and continuously placed collection calls to Plaintiff in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et*

*seq*. On August 3, 2010, Defendant filed an Answer. Accordingly, Plaintiff now moves for voluntary dismissal of his Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).

## II.   LEGAL STANDARD

If, as is the case here, the adverse party has served an Answer, dismissal is available to a Plaintiff only upon order of the Court and upon such terms and conditions as the Court deems appropriate. Fed.R.Civ.P. 41(a)(2). The trial court has considerable discretion in deciding whether to allow the withdrawal of a claim with prejudice. *Wakefield v. N.Telecom, Inc.,* 769 F.2d 109, 114 (2nd Cir. 1985). "Generally…a voluntary dismissal under Rule 41(a)(2) will be allowed if Defendant will not be prejudiced thereby." *Id.* at 114. Here, Defendant will suffer no legal prejudice if Plaintiff's motion is granted.

## III.   ARGUMENT

Defendant will not be prejudiced if Plaintiff's motion to dismiss is granted. "Factors relevant to a court's decision whether or not to grant a motion to dismiss with prejudice include [1] plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990).

None of these factors warrant denying Plaintiff's motion. Plaintiff was not dilatory in bringing the motion. This instant motion was not made to harass or annoy, but instead to bring the litigation to a conclusion without further expense on the part of Plaintiff or Defendant. This has not been a protracted lawsuit; rather, Plaintiff brought suit for violations of the FDCPA in good faith. Further, Plaintiff received a meet and confer letter from Defendant on March 23,

- 3 -

2011 requesting Plaintiff dismiss his claim. Plaintiff has reviewed the discovery that has been completed to date, and has elected to voluntarily dismiss with prejudice his complaint. Because Plaintiff has brought his instant motion in a timely manner, and dismissal will not prejudice Defendant, Plaintiff's Motion to Dismiss with Prejudice should be granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court dismiss this action against Defendant without prejudice.

RESPECTFULLY SUBMITTED,

DATED: March 25, 2011      KROHN & MOSS, LTD.


By: /s/ Ryan Lee_____
    Ryan Lee

    Attorney for Plaintiff